1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  JOHN ROBERT DEMOS, JR.,

11                    Plaintiff,

12        v.

13  ALEX GORSKY, *et al.*,

14                    Defendants.

CASE NO. 2:22-cv-00792-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: July 1, 2022

15

16        This matter is before the Court on referral from the district court and on plaintiff's

17  application to proceed *in forma pauperis* ("IFP").  Dkt. 1.

18        Plaintiff, a Washington prisoner who is well-known locally and nationally as an abusive

19  litigant, is seeking to proceed IFP so that he may bring an action against the CEOs of three major

20  companies.  *See* Dkt. 1-1, at 3.  In his proposed complaint, he claims that he entered into an oral

21  contract to buy out the companies but that they have duped him and refused to uphold the alleged

22  bargains.  *See generally* Dkt. 1-1.  The undersigned recommends that the district court dismiss

23  plaintiff's action on three separate grounds and decline to rule on his IFP application, which

24

REPORT AND RECOMMENDATION - 1

1 would be moot.

2       First, as a bar order litigant, plaintiff may submit only three IFP applications and

3 proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan.

4 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec.

5 15, 1982).  Plaintiff has reached his limit for the year. *See, e.g.*, *Demos v. Wash. State Dep't of*

6 *Corr.,* 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et al.*, 2:22-cv-

7 00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash.

8 2022).

9       Second, because plaintiff has had numerous prior actions dismissed as frivolous,

10 malicious, or for failure to state a claim, plaintiff must demonstrate "imminent danger of serious

11 physical injury" to proceed.  28 U.S.C. § 1915(g); *see also Demos v. Lehman*, MC99-113-JLW

12 (W.D. Wash. Aug. 23, 1999).  Plaintiff's proposed complaint does not contain "a plausible

13 allegation that [he] faced imminent danger of serious physical injury at the time of filing."

14 *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted).

15       Finally, a review of plaintiff's proposed complaint reveals that it is patently frivolous.

16 Pursuant to 28 U.S.C. § 1915A(b)(1), the Court is required to dismiss a complaint if it is

17 "frivolous, malicious, or fails to state a claim upon which relief may be granted."  Accordingly,

18 the Court recommends that plaintiff's action be dismissed without prejudice and that his

19 application to proceed IFP (Dkt. 1) be denied as moot.

20       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

21 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

22 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

23 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

24

REPORT AND RECOMMENDATION - 2

1 | objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

2 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

3 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 1, 2022,**

4 | as noted in the caption.

5 |      Dated this 15th day of June, 2022.

6

7 | J. Richard Creatura
Chief United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 3